UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, ex rel. )<br>JEREMIAH W. (JAY) NIXON )<br>Attorney General )<br>and )<br>MISSOURI DEPARTMENT OF )<br>SOCIAL SERVICES, DIVISION OF )<br>MEDICAL SERVICES, )<br>                            )<br>        Plaintiffs,        )<br>                            )<br>    vs.                     )<br>                            )<br>MYLAN LABORATORIES, INC.,   )<br>MYLAN PHARMACEUTICALS,      )<br>INC., TEVA PHARMACEUTICAL   )<br>INDUSTRIES LTD., NOROPHARM,)<br>LTD., TEVA PHARMACEUTICAL   )<br>USA INC., WATSON            )<br>PHARMACEUTICALS, INC.,      )<br>WATSON PHARMA, INC., f/k/a  )<br>SCHEIN PHARMACEUTICAL,      )<br>INC.,                       )<br>                            )<br>        Defendants.         ) | No. 4:06CV603 HEA |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on defendants' Motion to Stay, [Doc. No. 9] and plaintiffs' Motion to Remand, [Doc. No. 15].[1] For the reasons set forth below,

---

[1] Because of the ruling herein, plaintiffs' Motion to Expedite Hearing and/or Ruling on the Motion to Remand, [Doc. No. 16], is moot.

the Motion to Remand is granted.

**Facts and Background**

Plaintiffs filed their petition in the Circuit Court of the City of St. Louis, Missouri on December 22, 2005. This petition alleges that defendants misrepresented their respective average wholesale prices (AWP) and wholesale acquisition costs (WAC) in connection with their reporting of their product pricing information to FirstDataBank, Inc., a consolidator and publisher of prescription drug pricing information. According to the petition, the alleged drug pricing scheme defrauded the Missouri Medicaid Program, causing it to pay excessive reimbursement to Medicaid providers. The petition contains three counts: Count I alleges violation of the Missouri Health Care Payment Fraud and Abuse Act, Section 191.900, *et seq.*; Count II is a common law fraud claim; Count III alleges violation of the Missouri Merchandising Practices Act, Section 407.010, *et seq*. Plaintiffs seek injunctive relief, restitution to the State of Missouri, actual damages, punitive damages, pre-judgment interest, treble civil penalties, costs, and attorneys' fees.

Defendants removed this action to this Court on April 7, 2006 based upon federal question jurisdiction. 28 U.S.C. § 1331. There is no dispute that the

removal was within thirty days from service of the summons and petition.

Defendant Teva Pharmaceutical Industries, Ltd., Novopharm, Ltd. and Teva Pharmaceuticals USA, Inc. filed a Notice of a Related Action pursuant to Rule 7.5(e) of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation, notifying the Panel of the pendency of this potential "tag-along" action on April 12, 2006. On April 20, 2006, defendants filed their Motion to Stay Consideration of Plaintiffs' Motion to Remand and Other Proceedings. In the Motion to Stay, defendants ask this Court to refrain from considering plaintiffs' then forthcoming motion to remand and other proceedings until such time as the Multidistrict Litigation Panel rules on the issue of whether this matter should be transferred to the Multidistrict Case of *In re Pharmaceutical Industry Average Wholesale Price Litigation*, M.D.L. No. 1456, which is currently pending in the United States District Court for the District of Massachusetts.

The Judicial Panel entered its Conditional Transfer Order on April 27, 2006 as a matter of course. Plaintiffs are given the opportunity in the Multidistrict to object to the transfer. Plaintiffs have in fact filed their objection to the transfer.

Plaintiffs have also filed the instant motion to remand in this Court.

## **Discussion**

Because the Multidistrict Panel has yet to determine the issue of transfer, this

Court has authority to consider the Motion to Remand. Rule 1.5 of the Multidistrict Rules provides:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.[2]

Defendants contend that the petition establishes federal question jurisdiction because plaintiffs' claims, as pleaded, necessarily raise substantive, disputed issues of federal law, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. Plaintiffs argue, to the contrary, that its pleading raises purely state-law causes of action and is therefore not subject to removal.

Generally, a plaintiff can avoid removal to federal court by alleging solely

---

[2] Indeed, in the correspondence from the Multidistrict Chairman advising this Court of the opposition to the Panel's conditional transfer, the Chairman advises:

> If you have a motion pending--such as a *motion to remand to state court* (if the action was removed to your court)--you are free to rule on the motion, of course, or wait until the Panel has decided the transfer issue...

Letter to the undersigned dated May 12, 2006 from the Honorable Wm. Terrell Hodges, Chairman of the Judicial Panel on Multidistrict Litigation. (Emphasis added).

state law claims. *Gaming Corp. of Am. v. Dorsey & Whitney,* 88 F.3d 536, 542 (8th Cir.1996) (citing *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987)). A defendant is not permitted to remove a case to federal court by injecting a federal question into an otherwise state law claim and thereby transform the action into one arising under federal law. *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000)(citing *Caterpillar*). A federal defense does not provide a basis for removal, even if that defense is anticipated in the complaint and is the only question at issue. *Caterpillar*, 482 U.S. at 393. The well-pleaded complaint rule makes the plaintiff "the master of the claim. . ." *Id*., at 395.

There are, however, exceptions to this general rule. One basis for removal is federal question jurisdiction. *See* 28 U.S.C. § 1441. A federal question is raised in "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27-28, (1983). Additionally, "'complete' preemption is an exception to the well-pleaded complaint rule and, unlike preemption as a defense, is a basis for federal jurisdiction. *Gaming Corp.,* 88 F.3d at 543." *Lundeen v. Canadian Pacific Ry. Co.,* 2006 WL 1319983, 1 (8th Cir. 2006).

The subject of federal question jurisdiction has been recently addressed by the Supreme Court. In *Grable v. & Sons Metal Products, Inc. v. Dare Eng'g & Mfg*. 545 U.S. ___, 125 S.Ct. 2363 (2005), the Court held that lack of a private right of action under federal law does not divest the court of federal jurisdiction, when a state law claim contains a disputed and substantial question of federal law, so long as the federal and state balance is not disturbed. 125 S.Ct. at 2368.[3] Under this standard, the Court's analysis must be based on whether there is a disputed and substantial question of federal law *and* whether exercising federal jurisdiction would disturb the balance between the federal and state judicial responsibilities. *Id.*

Defendants contend that this action presents a substantial question of federal law because the claims are based on state Medicaid costs incurred as a result of payment for covered outpatient prescription drugs; Medicaid payment for these drugs is established by federal statue. *See* 42 U.S.C. § 1396r-8. The drug is eligible for Medicaid coverage only if its manufacturer enters into an agreement with

---

[3] In *Grable*, plaintiff brought a quiet title action in state court, arguing that a subsequent owner's title was invalid because he had not received notice of the IRS's sale of his property in the exact manner required under 26 U.S.C. § 6335. The defendant in that case removed the quiet title action to federal court, arguing that the claim of title depended on the interpretation of the notice statute in the federal tax law. *Id*. at 2366. The Supreme Court held that the case was properly removable, as the determination of the case contained a substantial question of federal law. *Id*. at 2368.

the federal government to provide specified rebates to states on covered drugs used by state Medicaid recipients. 42 U.S.C. §§ 1396r-8(a), (b).

Interestingly, defendants' basis for federal jurisdiction is not readily apparent, rather, in order to ascertain the basis upon which a "substantial question" of federal law arises, the Court is required to look beyond plaintiffs' petition to regulations which set forth specific drugs which are entitled to Medicaid coverage, and to agreements between third parties, *i.e.*, the drug manufacturers and the federal government. This strained effort to secure jurisdiction in the Multidistrict litigation appears to be an attempt to persuade the Court to exercise what in essence amounts to a new theory of jurisdiction that, as can be gleaned from the documents in opposition to remand, might be referred to as "federal resource jurisdiction." Nowhere within the complaint do plaintiffs allege, under current legal considerations of federal question jurisdiction, any violation of federal law, nor do they base any of their claims on any federal rights. Rather, plaintiffs purely allege violations of state law and the mere fact that some of those claims may tangentially encounter some remote, or vague, connection with federal laws, regulations or contracts does not create federal question jurisdiction. Looking at the real issues raised in the

petition, it is clear that there are no *substantial* and *disputed* issues of federal law.[4]

See *Pennsylvania v. TAP Pharmaceutical Products, Inc.*, Cause Number 2:05cv03604 (ED PA 2005); *Alabama v. Abbott Laboratories, Inc.* Cause Number 2:05cv647-T (M.D. AL 2005); *Minnesota v. Pharmacia Corp.*, Cause Number 05-1394 (PAM/JSM) (D. Minn. 2005); *Texas v. Abbott Laboratories, Inc.*, Cause Number A-05-CA-897-LY (W.D. TX 2005).

Even assuming *arguendo* that defendants could demonstrate substantial and disputed issues of federal law, this Court agrees that the delicate balance between federal and state considerations would be disturbed were the Court to exercise jurisdiciton over this matter. Plaintiffs are seeking to vindicate the rights of the State of Missouri and are pursuing this action in order to recover allegedly fraudulent payments made by the State of Missouri on behalf of its Medicaid recipients. Clearly, the state interests involved, and the recovery of state funds heavily tilts the balance in favor of state adjudication. See *Wisconsin v. Abbott Laboratories*, Cause Number 05-C-408-C (W.D. WI 2005); *Minnesota v. Pharmacia Corp.*, Cause Number 05-1394 (PAM/JSM) (D. Minn. 2005).

## **Conclusion**

---

[4] Much to defendants' chagrin, this Court is unwilling, legally, to extend its federal question jurisdiction to encompass federal "resource" jurisdiction.

Based on the foregoing analysis, the Court finds that it is without federal question jurisdiction. This matter was therefore not properly removed and remand is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Remand, [Doc. No. 15], is granted.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court of the City of St. Louis, Missouri.

Dated this 23rd day of May, 2006.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE